## HANCOCK TO USE OF GREY v. STEEN.

### December 8, 1838.

*Rule to show cause why the attachment of execution should not be set aside.*

1. A. obtained judgment against B. the maker, and C. the endorser of a promissory note. B. paid A. the amount, and took an assignment of the judgment against C., and issued execution. It not appearing that B. had a clear equity to entitle him to subrogation, the execution was set aside.

2. *Qu.* whether a party in any case will be entitled to subrogation, unless a *prima facie* case for it appear of record, and whether the court will receive evidence of it *aliunde* the record?

HANCOCK sued Steen the endorser and Grey the maker of a promissory note, and obtained judgment against each of them. Grey, the maker, paid Hancock the amount of the judgment against him, and procured Hancock to mark to his (Grey's) use the judgment *vs.* Steen. On this judgment the present execution (an attachment execution, Hancock *use of Grey v.* Steen) was issued. And this was a rule, obtained on Steen's motion, to show cause why this execution should not be set aside.

On the hearing of the rule,

*Perkins,* for the plaintiff, exhibited Steen's receipt, by which it appeared the endorser, Steen, agreed to lift this note, and that he would be accountable for it.

[Grey v. Steen.]

*Cadwalader*, contra, then produced an agreement between Grey and Steen, by which Grey agreed to take up certain other notes to which they were parties.

PER CURIAM.—Subrogation is a doctrine of the courts of equity, and is exercised in England by those courts alone. The administration of that doctrine is easy and safe in those courts because by bill, answer, &c., the whole subject matter, on which the court acts, appear of record. It is not so in our courts, unless a *prima facie* case appears by our records, so that the grounds of the judgment are manifest.

In the present case, the respective equities of the parties do not clearly appear, and the rule must be made absolute. Whether we can entertain any other evidence, *aliunde* the record, in order to grant relief to a party claiming the benefit of the equitable principle of subrogation, we do not now decide.

Rule absolute.